**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| THOMAS J. CLAUSO, | : | Civil Action No. 03-3090 (FLW) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| ROY HENDRICKS, et al., | : | |
| | : | |
| Respondents. | : | |
| | : | |

**APPEARANCES:**

> THOMAS J. CLAUSO, #08532A
> Northern State Prison
> 100 B West, cell 110
> P.O. Box 2300
> Newark, New Jersey  07114
> Petitioner Pro Se

> ROSEANN A. FINN, Assistant Prosecutor
> CAMDEN COUNTY PROSECUTOR
> 25 North Fifth Street
> Camden, New Jersey  08102-1231
> Attorneys for Respondents

**WOLFSON**, District Judge

Thomas J. Clauso filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. §

2254(a) challenging a conviction in the Superior Court of New Jersey, Camden County.

Respondents filed an Answer seeking dismissal of the Petition on several grounds, including the

statute of limitations, 28 U.S.C. § 2244(d).  Petitioner filed a Reply to the Answer.  For the

reasons expressed below, the Court dismisses the Petition as untimely, see 28 U.S.C. §

2244(d)(1)(A) & (d)(2), and denies a certificate of appealability, see 28 U.S.C. § 2253(c)(2).

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered in the Superior Court of New Jersey, Camden County, on September 9, 1988, after a jury found him guilty of attempted murder, unlawful possession of a handgun, possession of a weapon for an unlawful purpose, and aggravated assault.  The Law Division sentenced Petitioner to an extended term of life in prison with a 25-year period of parole ineligibility for attempted murder, a consecutive five-year term, with a two-and-one-half-year period of parole ineligibility, for aggravated assault, and concurrent five and 10-year terms for the weapons charges.  Petitioner appealed, and on March 10, 1992, the Superior Court of New Jersey, Appellate Division, affirmed the convictions, but remanded for reconsideration of the imposition of consecutive terms.  State v. Clauso, No. A-1008-88T5 slip op. (App. Div. Mar. 10, 1992).  The Supreme Court of New Jersey granted certification and summarily remanded to the Appellate Division for reconsideration in light of State v. Rhett, 127 N.J. 3 (1992).  State v. Clauso, 130 N.J. 5 (1992).  After reconsidering the issue, the Appellate Division affirmed.  State v. Clauso, No. A-1008-88 5 (App. Div. Sept. 16, 1992).  On April 8, 1993, the Supreme Court of New Jersey denied certification.  State v. Clauso, 133 N.J. 430 (1993) (table).

On March 2, 1995, Petitioner filed his first Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("First Petition").  See Clauso v. Morton, Civil No. 95-1003 (JHR) (D.N.J. filed March 2, 1995).  Respondents filed an Answer.  In an Order filed June 6, 1996, Hon. Joseph H. Rodriguez dismissed the Petition as unexhausted.  Citing Duncan v. Henry, 115 S.Ct. 887 (1995), the United States Court of Appeals for the Third Circuit denied Petitioner's request for a

2

certificate of appealability.  Clauso v. Morton, C.A. No. 96-5440 order (3d Cir. filed Dec. 18, 1996).

Petitioner executed a state petition for post-conviction relief on March 3, 1997.  The petition is marked as filed on March 18, 1997.  The Law Division of the Superior Court of New Jersey denied relief on May 24, 1999, on the ground that the petition was time barred.  Petitioner appealed and filed a motion to supplement the record to include a document purporting to be a copy of a post conviction relief petition date-stamped March 30, 1993.  The Appellate Division remanded the petition for an evidentiary hearing regarding the authenticity of the submission. Petitioner thereafter withdrew the application to supplement the record and the trial court canceled the evidentiary hearing and allowed its prior order to stand.  In an opinion filed January 13, 2003, the Appellate Division affirmed the trial judge's ruling that the petition was time-barred pursuant to N.J. Ct. R. 3:22-12.  The Supreme Court of New Jersey denied certification on April 28, 2003.  State v. Clauso, 176 N.J. 280 (2003) (table).

On June 18, 2003, Petitioner executed the § 2254 Petition which is now before this Court.[1]  The Clerk received it on June 26, 2003.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  The Petition asserts two

---

[1] Petitioner filed a second § 2254 Petition in this Court on December 6, 1999.  See Clauso v. Lazzaro, Civil No. 99-5690 (AET) (D.N.J. filed Dec. 6, 1999).  This Court dismissed the Petition without prejudice on April 10, 2000, and the United States Court of Appeals denied Petitioner's request for a certificate of appealability.

3

grounds, neither of which raises a right newly recognized by the United States Supreme Court.

The grounds are set forth below verbatim:

> Ground One:  Jury instructions relieving the state of its burden to prove all elements of the charged crime beyond a reasonable doubt deprived petitioner of the right to due process of law.
>
> Supporting FACTS:  The jury instructions on attempted murder permitted conviction on the basis of a less culpable mental state than the one required for the crime.
>
> Ground Two:  Judge's denial of petitioner's request to proceed pro se deprived him of his Sixth Amendment right of self-representation.
>
> Supporting FACTS:  Petitioner's request to proceed pro se at criminal trial was clear and timely.  It's summary denial was improper.

(Pet. ¶ 12.A. - 12.B.)

Respondents filed an Answer, accompanied by the state court record, arguing, <u>inter alia</u>, that the Petition should be dismissed as time-barred.  Petitioner filed a Reply opposing dismissal of the Petition.

## II.  DISCUSSION

### A.  Statute of Limitations

On April 24, 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

4

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence . . . .

28 U.S.C. § 2244(d)(1).

The statute of limitations under § 2244(d) is subject to two tolling exceptions:  statutory tolling and equitable tolling.  Merritt, 326 F.3d at 161; Miller v. N.J. State Dep't of Corr., 145 F.3d 616, 617-18 (3d Cir. 1998).  Section 2244(d)(2) requires tolling under certain circumstances:  "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

The AEDPA statute of limitations is also subject to equitable tolling.  Miller, 145 F.3d at 618.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 125 S.Ct. 1807, 1814 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."

5

LaCava v. Kyler, 398 F.3d 271, 275-276 (3d Cir. 2005).  Mere excusable neglect is not

sufficient. Id.;  Merritt, 326 F.3d at 168; Miller, 145 F.3d at 618-19; Jones v. Morton, 195 F.3d

153, 159 (3d Cir.1999).

      Extraordinary circumstances have been found where (1) the defendant has actively misled

the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his

rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones,

195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take

to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).  Even where

extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not

exercised reasonable diligence in attempting to file after the extraordinary circumstances began,

the link of causation between the extraordinary circumstances and the failure to file is broken,

and the extraordinary circumstances therefore did not prevent timely filing."  Brown v. Shannon,

322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir.

2000)).

      In this case, the applicable limitations provision is § 2244(d)(1)(A).  Because Petitioner's

conviction became final prior to the effective date of the AEDPA on April 24, 1996, his one-year

limitations period began on April 24, 1996.  See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir.

2003); Nara v. Frank, 264 F.3d 310, 315 (3d Cir. 2001); Burns v. Morton, 134 F.3d 109, 111 (3d

Cir. 1998).  Absent statutory or equitable tolling, the limitations period expired on April 24,

1997.  See Wilson v. Beard, __ F.3d __ 2005 WL 2559716, at *8 (3d Cir. Oct. 13, 2005).

      Although Petitioner's first § 2254 petition was pending before this Court on April 24,

1996, the limitations period was not tolled between April 24, 1996, and December 24, 1996, the

date that the United States Court of Appeals denied Petitioner's request for a certificate of appealability.  Statutory tolling is unavailable because the United States Supreme Court held in 2001 that the limitations period is not statutorily tolled while an unexhausted § 2254 petition is pending before a federal court.  See Duncan v. Walker, 533 U.S. 167 (2001); Jones v. Morton, 195 F.3d 153 (3d Cir. 1999); see also Rhines v. Weber, 125 S.Ct. 1528, 1533 (2005) ("the filing of a petition for habeas corpus in federal court does not toll the statute of limitations").

Nor was the limitations period equitably tolled while Petitioner's first § 2254 petition was pending before the federal courts.  In Jones v. Morton, 195 F.3d at 159-60, the Third Circuit held that, absent extraordinary circumstances, the limitations period is not equitably tolled while a mixed petition is pending before a district court.[2]  The Third Circuit's decision in Jones v. Morton, 195 F.3d at 159-160, precludes this Court from finding that Petitioner's mistaken filing of his first unexhausted § 2254 petition is an extraordinary circumstance warranting equitable tolling during the three-month period from April 24, 1996, through December 24, 1996, that the first petition was pending before the federal courts.  Id.

Although Petitioner executed a state petition for post conviction relief on March 3, 1997, and that action was pending before the New Jersey courts until the Supreme Court of New Jersey

---

[2] Noting that, "[t]raditionally, a statute of limitations is not tolled by the filing of a complaint that is subsequently dismissed without prejudice," id. at 160, the Court held that Jones' "misunderstanding of the exhaustion requirement is insufficient to excuse his failure to comply with the statute of limitations" and that he had established "no basis for an equitable tolling of the time during which his second habeas petition was pending in federal court."  Id. The Court also rejected Jones' argument that the filing date of the current petition should relate back to the filing date of the second unexhausted petition because, once the prior petitions were dismissed, there was nothing for the third petition to relate back to.  Id.  The Third Circuit held that, "if a petition is dismissed for failure to exhaust state remedies, a subsequent petition filed after exhaustion is completed cannot be considered an amendment to the prior petition, but must be considered a new action."  Id. at 160-61.

denied certification on April 28, 2003, the limitations period was not statutorily tolled while this petition was pending because the New Jersey courts rejected the petition as untimely.  The Supreme Court held in Pace, 125 S.Ct. at 1814, that a state postconviction petition which is rejected by the state court as untimely does not statutorily toll the limitations period because it is not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).

The Supreme Court's recent decisions in Pliler v. Ford, 124 S.Ct. 2441 (2004), and Rhines v. Weber, 125 S.Ct. 1528 (2005), are also instructive.  In Pliler, the petitioner filed his first § 2254 petition before the statute of limitations expired.  After the limitations period expired, the district court determined that the petition was mixed, that is, contained exhausted and unexhausted claims.  The district court dismissed the petition without prejudice as unexhausted and the petitioner returned to state court, which summarily dismissed.  The petitioner refiled his § 2254 petition in federal court and the district court dismissed the petition with prejudice as untimely under the one-year statute of limitations.  The Ninth Circuit granted a certificate of appealability and held that the petition was timely because the filing date related back to the original petition.  The Ninth Circuit held that if a pro se petitioner files a mixed petition, the district court errs by dismissing the petition without prejudice, without advising the petitioner of the option for a stay and without advising the petitioner that his federal claims would be time-barred, absent equitable tolling, if he opted to dismiss the petition without prejudice and return to state court to exhaust his claims.

The Supreme Court reversed the Ninth Circuit, holding that federal district judges are not required to warn pro se petitioners about the time-bar or to advise them of the option of a stay before dismissing a mixed petition without prejudice.  Pliler, 124 S.Ct. at 2446.  The Court

expressly rejected the petitioner's argument that the advisements are necessary to ensure that pro

se petitioners make informed decisions and do not unknowingly forfeit their exhausted claims.

>Respondent reads <u>Rose</u> as mandating that a prisoner be given *the*
>*choice* of returning to state court to exhaust his claims or amending
>or resubmitting the habeas petition to present only exhausted
>claims to the district court.  But <u>Rose</u> requires only that a district
>court must dismiss . . . mixed petitions, leaving the prisoner with
>the choice described above.  In other words, <u>Rose</u> requires
>dismissal of mixed petitions, which, as a practical matter, means
>that the prisoner must follow one of the two paths outlined in <u>Rose</u>
>if he wants to proceed with his federal habeas petition.  But
>nothing in <u>Rose</u> requires that both of these options be equally
>attractive, much less suggests that district judges give specific
>advisements as to the availability and wisdom of these options.

<u>Pliler</u>, 124 S.Ct. at 2447 (citations and internal quotation marks omitted).

In <u>Rhines v. Weber</u>, 125 S.Ct. 1528 (2005), the Supreme Court vacated a judgment of the

Eighth Circuit holding that a district court has no authority to stay a mixed petition to allow the

petitioner to present his unexhausted claims to the state court and then to return to federal court.

Noting that "the filing of a petition for habeas corpus in federal court does not toll the statute of

limitations," <u>id.</u> at 1533, the Court observed that

>If a petitioner files a timely but mixed petition in federal district
>court, and the district court dismisses it under <u>Lundy</u> after the
>limitations period has expired, this will likely mean the termination
>of any federal review.  For example, if the District Court in this
>case had dismissed the petition because it contained unexhausted
>claims, AEDPA's 1-year statute of limitations would have barred
>Rhines from returning to federal court after exhausting the
>previously unexhausted claims in state court.

<u>Id.</u> at 1533.

The <u>Rhines</u> Court held that a district court has the authority to issue stays only where a

stay would be compatible with AEDPA's purposes.  <u>Id.</u> at 1534. The Court determined that "it

likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition."  Id. at 1535.

Petitioner argues in his Reply that the limitations period should be equitably tolled but he does not provide any facts that would show equitable tolling is warranted for the period during which his post conviction relief petition was pending.  The Court has reviewed the submissions of the parties and has found no extraordinary circumstance that might warrant equitable tolling of the limitations period.  Under these circumstances, the statute of limitations expired on April 23, 1997.  Because Petitioner filed his § 2254 Petition beyond the one-year deadline, and because he was not entitled to statutory or equitable tolling for any of that period, his Petition is barred by the statute of limitations and the Court dismisses the Petition as untimely.  28 U.S.C. § 2244(d)(1).

B.  Certificate of Appealability

The AEDPA provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In Slack v. McDaniel, 529 U.S. 473, 484 (2000), the United States Supreme Court held:  "When the district court denies a habeas petition on procedural grounds without reaching

the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In light of Pliler and Rhines, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition as untimely is correct.

### III.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition for a Writ of Habeas Corpus as untimely, and denies a certificate of appealability.


       s/Freda L. Wolfson_____
       FREDA L. WOLFSON, U.S.D.J.


DATED:  __October 31__, 2005